SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel.: (202) 736-8000
Fax: (202) 736-8711
David R. Kuney (DK-0646)
Kurt H. Jacobs (appearing *pro hac vice*)

Counsel for Nevada Power Company

Hearing Date: October 25, 2006

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>Calpine Corporation, *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 05-60200 (BRL)<br>Jointly Administered |
| Calpine Corporation, *et al.*,<br>　　　　　　　　　　Plaintiffs,<br>　v.<br>Nevada Power Company,<br>　　　　　　　　　　Defendant. | Adv. Proceeding No. 06-01683 (BRL) |

**MEMORANDUM IN RESPONSE TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO INTERVENE**

　　　　Nevada Power Company ("Nevada Power") respectfully submits this Memorandum in Response to the Official Committee of Unsecured Creditors' (the "Committee's") Motion to Intervene in Adversary Proceeding No. 06-01683. Nevada Power agrees that the Committee has a right to intervene in this Adversary Proceeding pursuant to 11 U.S.C. § 1109(b) and Bankruptcy Rule 7024. FED. R. BANKR. P. 7024 (applying FED. R. CIV. P. 24). But that right must be exercised by following the procedures outlined in the Rule. The Committee has not yet fulfilled the procedural requirements of this Rule. Furthermore, the Committee's right to intervene has substantive limits; without a pleading by the Committee "setting forth the claim or

defense for which intervention is sought," it is impossible to determine whether the Committee seeks to surpass those limits. FED. R. CIV. P. 24(c). In the absence of such a pleading, Nevada Power respectfully requests that this Honorable Court treat the Committee's Motion as a request to monitor the Adversary Proceeding in order to determine whether a motion to take ownership of Calpine's claims in a derivative capacity might be required. See In re STN Enters., 779 F.2d 901, 904 (2nd Cir. 1985).

In the Second Circuit, creditors' committees have an unconditional right to intervene in adversary proceedings under 11 U.S.C. § 1109(b). In re Caldor Corp., 303 F.3d 161, 175 (2nd Cir. 2002). This statutory right cannot be abridged or enlarged by the Bankruptcy Rules. 28 U.S.C. § 2075; Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 454 (2004). However, there is nothing in Rule 7024's requirement that would-be intervenors accompany a motion to intervene with "a pleading setting forth the claim or defense for which intervention is sought," FED. R. CIV. P. 24(c), that conflicts with an intervenor's right to "appear and be heard on any issue in a case." 11 U.S.C. § 1109(b). The Rule itself requires that "[t]he same procedure shall be followed when a statute of the United States gives a right to intervene." FED. R. CIV. P. 24(c).

Furthermore, this right to intervene is narrow and "does not entitle parties in interest, such as [Calpine's] creditors, to usurp the debtor-in-possession's role as legal representative of the estate." In re Smart World Techs., LLC, 423 F.3d 166, 182 (2nd Cir. 2005) (interpreting the Supreme Court decision in Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 8-9 (2000)). An party-in-interest can raise an issue in an adversary proceeding, but must do so as an intervenor, and by following the rules governing intervention. See Iridium India Telecom LTD. v. Motorola, Inc., 165 Fed. Appx. 878, 880 (2nd Cir. 2005). "[T]he sum of rights possessed by an intervenor . . . depends on the nature of the intervenor's interest." Kirkland v.

N.Y. State Dep't of Corr. Servs., 711 F.2d 1117, 1126 (2nd Cir. 1983).  Even after intervention is allowed, a court has "the power to impose conditions or restrictions to facilitate the efficient conduct of . . . proceedings."  In re Adelphia, 285 B.R. 848, 858 (Bankr. S.D.N.Y. 2002).

In In re Adelphia, this Court construed the Second Circuit's decision in Caldor as giving creditors the right to intervene in adversary proceedings, but held that this right was bounded by the intervenors' independent interest in the action and the court's own power to maintain control in proceedings.  Id. at 854-56.  In particular, the Court can "limit actions by intervenors or require coordination, in the interests of judicial economy, avoiding harassment or excessive burdens, or otherwise in the interests of justice."  Id. at 857.  The Second Circuit has since examined this decision and approved of the Adelphia court's view.  Smart World, 423 F.3d at 182.  The Second Circuit agreed that section 1109(b) gives creditors "'standing to raise issues and to appear and be heard' but [does] 'not equate to ownership of the causes of action in question.'"  Id. (quoting Adelphia, 285 B.R. at 851).

The Committee has stated that it "does not expect to introduce any new legal or factual issues" (Comm. Mem. at ¶ 14), and that it seeks to intervene "in order that the Committee may determine to what extent, if at all, (i) the Committee's interests diverge from the Debtors [sic]." (Id. at ¶ 9.)  Nevada Power does not oppose the Committee's involvement to this extent.  However, if the Committee were to attempt to introduce declarations or witnesses at this late stage for the hearing scheduled on Calpine's Motion to Extend the Automatic Stay or object to Nevada Power's evidence, such an attempt should be considered untimely.  Nevada Power and Calpine have already filed all of their pleadings in the Adversary Proceeding and have reached a compromise regarding, among other things, the scheduling of depositions and the presentment of witnesses at trial.

The Committee has further stated that it wishes to supplement Calpine's "arguments and/or discovery requests" apparently even in the absence of any divergence of interest, and without first presenting any such issue to the Court in a pleading as required by Rule 7024. (Id.) This is unpermitted usurpation of "the debtor-in-possession's role as legal representative of the estate" which would put the Committee in the position of legal heckler. The Committee seeks to be allowed to make arguments in Court and propound discovery without presenting the issues bounding its arguments and discovery requests. The Debtor itself is not allowed such luxury. Nevada Power respectfully requests that this Honorable Court limit the Committee's intervention accordingly.

Dated: October 23, 2006

Respectfully submitted,

By: /s/ David R. Kuney

**SIDLEY AUSTIN LLP**

David R. Kuney (DK 0646)
Kurt H. Jacobs (appearing *pro hac vice*)
1501 K Street, NW
Washington, DC 20005
Tel: (202) 736-8000
Fax: (202) 736-8711

Attorneys for Nevada Power Company