SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Tel.:  (202) 736-8000
Fax:  (202) 736-8711
David R. Kuney (DK-0646)
Kurt H. Jacobs (*pro hac vice* motion granted)

Counsel for Nevada Power Company

Hearing Date:  October 25, 2006

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br>Calpine Corporation, *et al.*, <br><br>               Debtors. | Chapter 11 <br><br> Case No. 05-60200 (BRL) <br> Jointly Administered |
| Calpine Corporation, *et al.*, <br><br>               Plaintiffs, <br><br>  v. <br><br>Nevada Power Company, <br><br>               Defendant. | Adv. Proceeding No. 06-01683 (BRL) |

**OPPOSITION OF NEVADA POWER COMPANY
TO FIREMAN'S FUND INSURANCE COMPANY'S REQUEST FOR LEAVE TO
INTERVENE AS DEFENDANT IN THE ADVERSARY PROCEEDING**

Nevada Power Company ("Nevada Power") as its Opposition to Fireman's Fund Insurance Company's ("Fireman's") Request for Leave to Intervene as Defendant in the Adversary Proceeding (the "Motion") states as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Fireman's is asking this Court to permit it to intervene in a matter where the record reveals that its interests, if any, are adequately represented and where it has had ample

opportunity to participate without a formal appearance. Accordingly, its Motion is untimely and fails to meet the prerequisites necessary for either intervention of right or permissive intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure.

Significantly, Fireman's has admitted that it knew, when this Adversary Proceeding was first filed on August 4, 2006, that its interests, if any, would be implicated by the relief sought by the Debtors. In fact, Fireman's attorney, Ms. Marilyn Klinger, even filed a declaration with this Court in support of Calpine's argument. Yet, Fireman's waited until October 16, 2006, more than two months after the proceeding was initiated, and just nine days before the matter is scheduled to be heard by this Court, to file the instant Motion.

Fireman's will not be prejudiced by the denial of its Motion since its interests, if any, are adequately represented by Calpine. Calpine has fully briefed the issues before the Court, and Fireman's has been substantively involved in briefing the issues before the court, *i.e.*, Fireman's attorney, Ms. Klinger, has filed a Declaration in support of Calpine's position and the parties have agreed that Ms. Klinger's Declaration will be submitted as evidence at the hearing. Nevada Power, on the other hand, will be unduly prejudiced if Fireman's Motion is granted. The issues before the Court in the Adversary Proceeding are fully briefed and Nevada Power and Calpine have reached an agreement regarding, among other things, the scheduling of witness depositions and the presentment of witnesses at trial. Fireman's intervention in the Adversary Proceeding at this late juncture would unnecessarily delay and complicate the proceeding. Nevada Power would likewise be prejudiced if the Adversary Proceeding were continued to accommodate Fireman's. As each day passes, Nevada Power is exposed to a greater risk of irreparable harm from the delay in prosecuting the Nevada district court action against Fireman's.

Fireman's cannot dispute that its interest in staying the Nevada action, if any, is identical to that of Calpine. Indeed, Fireman's has not even suggested that Calpine has failed to provide the court with sufficient information necessary to rule on its request for a preliminary injunction in the Adversary Proceeding, nor has Fireman's identified any specific information that should have been provided to the Court but was not. Thus, Fireman's interests are adequately represented by Calpine in this proceeding. Moreover, the law is clear that Calpine is the only party permitted to raise the protections afforded by sections 362 and 105 of the Bankruptcy Code.

Fireman's has not established that it is entitled to intervene in this action. Accordingly, its Motion should be denied.

## LEGAL ARGUMENT

**I. Fireman's Has Failed to Establish that it Has An Interest at Issue in the Adversary Proceeding that will be Impaired or Impeded If It Is Not Permitted to Intervene.**

The crux of Fireman's claim here is that because it is a defendant in the Nevada federal district court action, it has a shared interest with Calpine in staying that proceeding. Yet, Fireman's fails to explain how its interests differ from those of Calpine such that it is necessary for Fireman's to be permitted to intervene in this matter. As such, Fireman's fails to make a case for intervention.

Fireman's makes the conclusory assertion that its interests are not protected in the Adversary Proceeding, but it fails to identify any facts in support of that assertion. (Motion at ¶ 29.) Indeed, there are no facts to support Fireman's assertion. Calpine is making the identical arguments that Fireman's makes in seeking to stay the Nevada action -- that Calpine's reorganization efforts will impede Fireman's ability to conduct discovery. Fireman's does not identify any additional arguments or facts that it would present if it were permitted to intervene

in the Adversary Proceeding. Instead, it merely conflates the issues in the Nevada action with those in the Adversary Proceeding. As such, it has failed to meet the initial hurdle necessary for intervention – its rights are not impaired or impeded by this Adversary Proceeding. In fact, the contrary is true.

The law is clear that the automatic stay does not apply to sureties. Fireman's Motion should be seen for what it is, simply a delay tactic. Ultimately, "[w]hatever may be the purpose of [Fireman's] desire to intervene, there is no sound reason why it should be permitted to transform the entire nature of the pending suit and complicate and delay its termination when it has ample remedies otherwise." *United States v. 1,8230.62 Acres of Land in Botetourt County*, 51 F. Supp. 158, 162 (W.D. Va. 1943) (surety was unable to intervene in action since, *inter alia*, the bankruptcy proceedings would afford the surety rights to subrogation).

II. **Even if Fireman's Had Established that its Rights are Somehow Impaired by the Stay Motion, Fireman's Motion to Intervene in the Adversary Proceeding is Untimely and Therefore Should be Denied.**

Fireman's Motion is untimely. Its Motion is not even scheduled to be heard until October 25, 2006, the same day the Adversary Proceeding is scheduled to commence, and more than four weeks after Calpine's motion was scheduled to be heard initially. Moreover, Fireman's waited more than two months after it first learned of the Adversary Proceeding, and well after the date the Adversary Proceeding was initially set for hearing, to file this Motion. For Fireman's to claim that its Motion is timely is ludicrous. For this reason alone, its Motion should be denied.

Applications for intervention, whether intervention of right or permissive intervention, must be "timely." Fed. R. Civ. P. 24(a), (b). The timeliness of an intervention application is determined by the facts and circumstances of each particular case. *Neuman v. Blue Cross/Blue Shield of Greater New York (In re Neuman)*, 55 B.R. 707 (S.D.N.Y. 1985); *see also*

4

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (the Court has broad discretion in assessing the timeliness of a motion to intervene, which "defies precise definition").

In determining whether an intervention application has been timely filed, the Court evaluates the following fours factors:

> (1) the length of time the proposed intervenor knew or reasonably could have known of his interest in the case before actually petitioning to intervene, (2) the extent of prejudice that the existing parties to the litigation will suffer due to the proposed intervenor's failure to petition at the time he first knew or should have reasonably known of his interest in the case, (3) the extent of prejudice that the proposed intervenor will suffer if his application for intervention is denied, and (4) any unusual circumstances militating either for or against the application as timely.

*Neuman*, 55 B.R. at 709 (citing *Piambino v. Bailey*, 610 F.2d 1306, 1320 (5th Cir.), *cert denied*, 449 U.S. 1011 (1980)); *see also Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. and Mkts.*, 847 F.2d 1038, 1043 (2d Cir. 1988). Here, the totality of the circumstances surrounding the Adversary Proceeding demonstrates irrefutably that Fireman's Motion is untimely.

### A. The Length of Time Fireman's Waited Before Filing its Motion Factors Against Intervention

"Among the most important factors in a timeliness decision is the length of time that the applicant knew or should have known of his interest." *Catazano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996). Here, Fireman's admits that it was aware of the Adversary Proceeding when it was filed on August 4, 2006. Motion ¶¶ 10-11; *see also* Debtors' Motion to Extend the Automatic Stay, or in the Alternative, for Injunctive Relief ¶ 14. Thus, Fireman's knew that its interest in the Adversary Proceeding was "clearly present in the litigation from the very beginning." *Catazano*, 103 F.3d at 233.

In fact, Marilyn Klinger, an attorney for Fireman's, filed a declaration in support of staying the Nevada action on October 9, 2006. Yet, Fireman's chose not to intervene even at that time. Without any explanation, Fireman's waited until October 16, 2006, when the Adversary Proceeding had been fully briefed and was almost ninety percent completed, to file its Motion. *See Donovan v. United Steel Workers of Amer.*, 721 F.2d 126, 127 (3d Cir. 1983) (the applicant's reason for the delay is a factor that should be considered). Given the expeditious nature of the Adversary Proceeding, the numerous junctures during which Fireman's could have filed its Motion, and the overall progression of the Adversary Proceeding, Fireman's delay defies explanation and should not be countenanced by this Court.

  **B.**  **Nevada Power Will Suffer Great Prejudice If the Motion is Granted.**

Nevada Power will indeed suffer great prejudice if the Court grants Fireman's Motion at this late stage in the Adversary Proceeding. Nevada Power and Calpine have already filed all of their pleadings in the Adversary Proceeding and have reached a compromise regarding, among other things, the scheduling of depositions and the presentment of witnesses at trial. If Fireman's were permitted to intervene in the Adversary Proceeding at this time, it is likely that Fireman's would seek to redepose witnesses and call witnesses who were not previously identified even though it has failed to identify any issues which were not fully briefed by Calpine. Nevada Power would be prejudiced because it would not have time to conduct discovery of Fireman's prior to the October 25, 2006 hearing. Indeed, the hearing on the Motion is set for the same day as the hearing on Calpine's motion to extend the automatic stay or, alternatively, for an injunction, in the Adversary Proceeding.

Postponing the hearing to allow additional discovery is not a viable alternative, as it would unduly prejudice Nevada Power. First, if Fireman's were permitted to conduct discovery, it is likely that Nevada's witnesses would be subject to double depositions. Second,

6

due to scheduling conflicts, Nevada Power has already had to agree to a 13-day adjournment of the hearing in this time sensitive matter. As each day passes, the risk to Nevada Power grows that it will be irreparably harmed from the delay and stay of prosecution of the Nevada action stemming from Calpine's motion in this Adversary Proceeding. *See* Peterson Aff. at ¶ 14. Service over the transmission facilities built for Calpine is expected to be available starting in the first quarter of 2007. *See id.* at ¶ 15. Nevada Power will begin to experience revenue losses attributable to the transmission facilities built for Calpine's use of $560,000 per month beginning in the first quarter of 2007. *See id.*

C. **Fireman's Will Not Be Prejudiced By the Court's Denial of the Motion.**

Fireman's has not established that it will be prejudiced if its Motion is denied. Fireman's asserts that "if the Adversary Proceeding is litigated without [Fireman's] involvement and it is necessary for [Fireman's] to later seek a determination from this Court with respect to whether the stay applies to [Fireman's], [Fireman's] may be exposed to the risks of collateral estoppel, *stare decisis* and evidentiary prejudice." Motion ¶ 30. This argument has no legal merit.

It is well settled that the automatic stay provision of the Bankruptcy Code is "one of the fundamental *debtor protections* provided by the bankruptcy laws." *Mid-Atlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986) (emphasis added). The fundamental purpose for the automatic stay is to provide the debtor with breathing room in order to effect a plan of reorganization. H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977). Fireman's remains independently (*i.e.*, jointly and severally) liable on the Surety Bond, separate and apart from Calpine. *McLean*, 74 B.R. at 829; *O'Malley Lumber Co. v. Lockard (In re Lockard)*, 884 F.2d 1171, 1179 (9th Cir. 1989); *Vecco Investment Co., L.P. v. Merchantile Nat'l Bank of St. Louis (In re Vecco Investment Co., L.P.)*, 157 B.R. 452 (Bankr. E.D. Mo. 1993);

7

*Foley Co. v. Aetna Casualty Surety Co. (In re S&M Constructors, Inc.)*, 144 B.R. 855, 865 (Bankr. W.D. Mo. 1992). Thus, the case law uniformly holds that "[t]he obligations of a surety are sufficiently independent to provide the basis of an action by the . . . creditor to collect on the bond unfettered by the automatic stay provisions of the Bankruptcy Code." *In re Keene Corp.*, 162 B.R. 935, 943 (Bankr. S.D.N.Y. 1994); *see also Am-Haul Crating, Inc. v. Contractors Casualty & Surety Co.*, 33 F.Supp.2d 235, 242-44 (S.D.N.Y. 1998) (Bankruptcy Code Section 362(a) does not stay actions against independently liable guarantors or sureties); *Crossland Fed. Sav. Bank. v. A. Suna & Co., Inc.*, 935 F.Supp. 184, 202 (E.D.N.Y. 1996) (refused to apply automatic stay to non-bankrupt guarantors); *In re Mural, Inc.*, 118 B.R. 400 (Bankr. D.S.C. 1989) (same); *In re McLean Trucking Co.*, 74 B.R. 820 (Bankr. W.D. N.C. 1987) (same); *Lynch v. Johns-Manville Sales Cor*p., 710 F.2d 1194, 1196-97 (6th Cir. 1983); *see also Fed. Deposit Ins. Corp. v. Shea & Gould*, 1997 WL 401822, * 12 (S.D.N.Y. July 17, 1997) ("[t]he automatic stay affords protection only to the debtors and does not extend to 'co-tortfeasors,' 'joint obligors,' 'guarantors,' 'sureties,' or other non-debtor 'co-defendants'"). The automatic stay cannot be extended to Fireman's as a matter of law, and Fireman's participation or non-participation in the Adversary Proceeding will not change that result.

In addition, Fireman's contention that its due process rights will be harmed because it will be unable to access information and individuals at Calpine necessary to defend the Nevada action is completely baseless. Motion ¶ 27-28. Calpine is contractually obligated to furnish information concerning Calpine's affairs as they relate to the Surety Bond. *See* McKane Decl. Ex. 3. Fireman's attorney, Ms. Klinger, confirms Calpine's obligation to furnish information to Fireman's in Paragraph 26 of her Declaration filed with the Court on October 9, 2006. Klinger Decl. ¶ 26 (Ms. Klinger specifically states that "Calpine is obligated to provide

Fireman's Fund access to all of its books and records").  Thus, to the extent Calpine would be required to respond to discovery in the Nevada case, it would merely be complying with its contractual obligations – obligations that exist independent of the discovery process.

Further, notwithstanding the automatic stay, case law illustrates that Calpine must comply with Fireman's discovery requests. *In re Miller*, 262 B.R. 499, 505 (9th Cir. B.A.P. 2001); *In re Hillsborough Holdings Corp.*, 130 B.R. 603, 605 (Bankr. M.D. Fla. 1991) (the automatic stay does not apply to discovery sought from the debtor regarding claims by or against a non-debtor party, even where that information could adversely affect the debtor); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969, 977 (N.D. Ill. 1992) (when the related litigation continues without the debtor, the debtor is obligated to participate in discovery to the extent it would be participating in the discovery as a non-party).

Furthermore, Fireman's contention that it requires extensive discovery and assistance from Calpine in defending the Nevada action is belied by its filings in that action.  In seeking a stay in the Nevada action, Fireman's asserted that "[b]oth Fireman's Fund and Nevada Power will need to retain experts to offer testimony with respect to different types of power, energy transmission, market changes and damages as well as concerning commercial surety issues.  These experts will be essential particularly to evaluate the merits of Nevada Power's damage claim, if any, and Fireman's Fund's extensive and multiple defenses thereto, which include Calpine's defenses." Decl. of Karen I. Shanbrom in Support of Fireman's Fund's Motion for Stay of Action, ¶ 7, filed April 14, 2006 attached to Peterson Supp. Decl. as Ex. L; *contra* Motion ¶ 28.  Fireman's did not assert that witnesses from Calpine, such as Mr. Zadlo, would be essential to its defense in the Nevada action.  It is indeed common knowledge that outside experts may be retained or hired from consulting firms to provide such expertise.

Fireman's has failed to provide any compelling evidence demonstrating that it will be prejudiced by the Court's denial of its Motion.

### D. Unusual Circumstances Militate Against Granting Fireman's Motion.

On August 4, 2006, after Nevada Power sent discovery requests to Fireman's Fund, Calpine commenced the above-captioned Adversary Proceeding by filing a Complaint to Extend the Automatic Stay, or in the Alternative, for Injunctive Relief (the "Complaint"). Calpine also simultaneously filed a Motion to Extend the Automatic Stay, or in the Alternative, for Injunctive Relief (the "Stay Motion") with the Complaint. A hearing date was initially set for August 22, 2006. This date was then adjourned to October 12, 2006. Two days prior to the October 12 hearing date, the matter was adjourned to October 25, 2006.

Significantly, at no time prior to the former hearing dates did Fireman's show any interest in intervening or allege that its interests were not adequately represented by Calpine. In fact, on October 9, 2006, Calpine filed its Reply Memorandum in Support of Debtors' Motion to Extend the Automatic Stay, or in the Alternative, for Injunctive Relief and included a lengthy declaration from Ms. Klinger, counsel to Fireman's, setting forth in detail Fireman's views on the pending motion. Ms. Klinger did not express any interest in intervening and gave no indication that Fireman's intended to do so, nor did she assert that Fireman's interests were not adequately represented.

Nevada Power consented to the extension of the October 12 hearing date due to Calpine's representation that the parties would likely not have the opportunity to adequately present their arguments on October 12 in light of the urgency and depth of the other motions in the Calpine bankruptcy proceeding regarding Calpine Canadian affiliate matters that were heard by the Court on October 12th. Nevada Power did not agree to such an extension to allow Fireman's to intervene in the Adversary Proceeding. Moreover, it was only after the initial

hearing date had been postponed twice, and after Calpine and Nevada Power had spent an enormous amount of time discussing and resolving how the matter would proceed, what witnesses would be called, what documents would be used, and other issues that Fireman's filed its Motion. No reason has been given for its delay. Fireman's attempt to take advantage of the extension, which was intended to benefit Nevada Power and Calpine by moving to a date on which the Court could entertain this matter, at this late stage of the Adversary Proceeding, is the exact type of unusual circumstance that militates against permitting intervention.

**III.     Calpine Is Adequately Protecting Fireman's Interests.**

Fireman's has not established that it is permitted to intervene as of right because its interests are being adequately represented by Calpine. Rule 24(a) of the Federal Rules of Civil Procedure specifically provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties*.

Fed. R. Civ. P. 24(a) (emphasis added). The law is clear that when the proposed intervenor has the same ultimate objective as a party to the main action, as is the case here, a presumption arises that its interests are adequately represented. *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir. 1976).

Here, Fireman's and Calpine share the common goal of staying Nevada Power's action against Fireman's pursuant to section 362 of the Bankruptcy Code, or in the alternative section 105 of the Bankruptcy Code. As such, Fireman's "interest is adequately represented by [Calpine]," since Fireman's and Calpine share identical interests regarding the outcome of the

11

Adversary Proceeding. *In re PaineWebber Ltd. P'ship Lit.*, 174 F.R.D. 35, 37 (S.D.N.Y. 1996) (if parties' interests are found to be identical, intervention is not allowed absent a compelling showing that the representation is inadequate). As such, Fireman's intervention is simply not necessary, and Fireman's should not be permitted to intervene in the Adversary Proceeding.

WHEREFORE, for all of the reasons set forth above, Nevada Power respectfully requests that the Court deny the Motion in its entirety.

Dated: Washington, D.C.
October 23, 2006

SIDLEY AUSTIN LLP

By: /s/ David R. Kuney
David R. Kuney (DK-0646)
Kurt H. Jacobs (*pro hac vice* motion granted)
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Counsel for Nevada Power Company